UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALDO ANTONIO ORTIZ-GUTIERREZ (A-206-500-636),<br>Petitioner,<br>v.<br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-2468 DC CSK<br><br>ORDER |

Petitioner, an immigration detainee proceeding without counsel, filed a filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, a request for appointment of counsel and request to proceed in forma pauperis. Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a). Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions including § 2241 petitions. The district court referred this matter to the magistrate judge. (ECF No. 18.)

The court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. Because petitioner may be entitled to the requested relief if the claimed violation of constitutional rights is proved, respondents are

directed to show cause why the writ should not be granted by filing an answer or motion to dismiss within 7 days from the date of this order. See 28 U.S.C. § 2243. Further, according to the government's official DHS United States Immigration and Customs Enforcement Online Detainee Locator System website, as of October 20, 2026, petitioner is no longer in ICE custody.[1] See https//locator.ice.gov/odis. If petitioner has been removed, respondents shall include such information in their response.

This Court will defer ruling on petitioner's request for appointment of counsel until after reviewing respondents' response to the petition.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The request of petitioner Donaldo Antonio Ortiz-Gutierrez (A-206-500-636), to proceed in forma pauperis (ECF No. 2) is granted.

2. Respondents are directed to file an answer or motion to dismiss within 7 days from the date of this order. Respondents are warned that the failure to respond to the petition will be interpreted as non-opposition to granting the relief requested in the habeas petition.

3. Petitioner's reply/traverse to an answer or opposition to a motion to dismiss, if any, is due within 10 days after being served with a copy of respondents' answer or motion to dismiss. A reply by respondents to an opposition to a motion to dismiss is due within 7 days after being served with the opposition.

4. Each party proceeding without counsel shall keep the court informed of the current address at all times while the action is pending. Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address." A notice of change of address must be properly served on other parties.

///

///

[1] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). The U.S. Immigration and Customs Enforcement department maintains an Online Detainee Locator System and its website is an official website of the DHS of the United States Government. The address of this official website is https//locator.ice.gov/odis.

Service of documents at the address of record for a party is fully effective. L.R. 182(f).

Dated: October 20, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/orti2468.100.2241.imm