UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALDO ANTONIO ORTIZ-GUTIERREZ (A-206-500-636),<br>Petitioner,<br>v.<br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY et al.,<br>Respondent. | No. 1:26-cv-2468 DC CSK<br><br>ORDER and FINDINGS AND RECOMMENDATIONS |

Petitioner is an immigration detainee, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, this Court recommends that respondents' motion to dismiss be granted.

**I. DISCUSSION**

On October 28, 2026, respondents filed a motion to dismiss this action as moot because petitioner was removed from the United States on September 25, 2026. (ECF No. 20, ECF No. 20-1 at 5.) Petitioner did not file a response to the motion to dismiss. (See Docket.)

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or

be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

Because petitioner is no longer in the custody of U.S. Immigration and Customs Enforcement ("ICE"), the Court finds that the petition is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1064-65 (9th Cir. 2007) (holding that because Abdala's "habeas claims challenged only the length of his detention, as distinguished from the lawfulness of the deportation order . . . [h]is petition was . . . moot by his removal"); Rodriguez v. Bostock, 802 F. Supp. 3d 1297, 1311 (W.D. Wash. 2025) ("Rodriguez's individual claims are moot because he voluntarily departed the country and is no longer in DHS custody."); Hurtado Guillermo v. Warden/Facility Adm'r, 2026 WL 1155991, at *1 (W.D. Wash. 2026) (petition challenging only the legality and constitutionality of Hurtado Guillermo's continued detention and seeking his immediate release from custody was moot because he "voluntarily departed the United States [and] his request for release no longer presents a 'live controversy[.]'" (citations omitted)). In light of petitioner's departure from the United States, the Court recommends that respondents' motion to dismiss this action as moot be granted. Based on this recommendation, this Court denies petitioner's motion for appointment of counsel (ECF No. 3) as unnecessary.

## II. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 3) is denied.

Further, IT IS HEREBY RECOMMENDED that:

1. Respondents' motion to dismiss (ECF No. 20) be GRANTED.
2. The petition for a writ of habeas corpus (ECF No. 1) be DISMISSED as moot.
3. The Clerk of the Court be directed to enter judgment in favor of respondent and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 9, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Guti2468.157.imm/2